# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| George Sangria Cowell,<br>　　　Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:18cv391 (LO/TCB) |
| | ) | |
| Harold W. Clarke,<br>　　　Respondent. | ) | |

## MEMORANDUM OPINION

George Sangria Cowell, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction of drug offenses entered on a plea of guilty in the Circuit Court for the City of Chesapeake. The matter comes before the Court on a Motion to Dismiss the petition filed by the respondent, to which petitioner has filed his opposition. For the reasons which follow, the Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice. Also pending is petitioner's Motion for Stay-and-Abeyance of Petitioner's Mixed Habeas Corpus Petition, which will be denied.

## I. Background

On May 9, 2014, the trial court accepted Cowell's guilty plea and entered convictions for possession of a firearm while possessing drugs with the intent to distribute, possession of heroin with the intent to distribute, possession of cocaine with the intent to distribute, and possession of a firearm after having been convicted of a violent felony. Case No. CR12-200-00 through -03.[1]

---

[1] Respondent acknowledges that the conviction and sentencing orders contain clerical errors with respect to the conviction of possession of cocaine with the intent to distribute. Resp. Mem. at 1, n. 1. The written plea agreement, the transcript of the plea hearing, and the petition now under consideration all make it clear, however, that the conviction was for possession with intent to distribute cocaine rather than simple possession. See Dkt. No. 1 at 1.

Cowell subsequently moved to withdraw the guilty plea, Resp. Ex. 5, and the trial court denied his request in open court after a hearing. Resp. Ex. 6, Tr. 4/15/14 at 13. Consistent with the terms of the plea agreement, which capped Cowell's maximum active term of imprisonment at 20 years, he was sentenced on May 1, 2014, to an active sentence of 18 years incarceration. Resp. Ex. 4. Cowell took no direct appeal.

On May 4, 2015, Cowell timely filed a petition for a state writ of habeas corpus, in which he raised the following claims:

1. Trial counsel was ineffective for failing to investigate, interview and subpoena defense witnesses.

2. Trial counsel was ineffective for (a) failing to prepare for the suppression hearing, (b) refusing to allow Cowell to testify at that hearing, and (c) failing to appeal the denial of the motion to suppress.

3. Trial counsel was ineffective for failing to object to the denial of the defense's attempt to use exculpatory evidence.

4. Trial counsel was ineffective for coercing him to plead guilty after failing to use an available defense.

5. Trial counsel was ineffective for misadvising him about the true nature of the plea and the likely outcome at sentencing.

6. Trial counsel was ineffective for failing to (a) prepare for trial, (b) prepare for sentencing and review the presentence report with Cowell, and (c) file necessary motions.

7. Trial counsel was ineffective for refusing to provide Cowell with copies of the plea agreement and counsel's case file after Cowell requested them in a letter on May 1, 2014.

2

8. The trial court erred when it refused to permit the defense to use an affidavit containing a third-party confession to the crimes as exculpatory evidence.

9. Trial counsel was ineffective when he failed to (a) appeal the denial of Cowell's motion to withdraw his guilty plea after Cowell instructed him to do so, and (b) inform Cowell that he could file such an appeal.

10. The trial court erred in failing to allow Cowell to withdraw his guilty plea where the motion to do so was supported by evidence of actual innocence.

11. The Commonwealth committed prosecutorial misconduct when it strategically moved to have a new judge hear certain exculpatory evidence.

12. The Commonwealth committed prosecutorial misconduct when it failed to honor a tentative plea agreement.

13. Counsel was ineffective for failing to move for dismissal of all charges after forensic evidence proved Cowell's innocence.

14. The trial court erred when it failed to allow Cowell to assert his rights to a speedy trial and a fair trial.

Resp. Ex. 7. Respondent in its Answer conceded that Cowell was entitled to relief in the form of

a delayed appeal on Claim 9(b), and the trial court entered an Order on January 14, 2016,

directing the respondent to petition the Court of Appeals of Virginia to grant Cowell the right to

seek a delayed appeal. Cowell's remaining claims were determined to be without merit and were

denied and dismissed with prejudice. Resp. Ex. 8. After the Court of Appeals granted Cowell

the right to seek a delayed appeal, Resp. Ex. 9, the trial court entered a final order on March 22,

2016, finding that Cowell had been "granted the relief to which he is entitled and nothing further

remains to be done." Resp. Ex. 10.

3

Counsel was appointed to represent Cowell on the delayed appeal. On March 28, 2017, counsel filed a petition for appeal pursuant to Anders v. California, 386 U.S. 738 (1967), along with a motion to withdraw. Resp. Ex. 11-12. The sole potential error cited by counsel was the trial court's denial of Cowell's motion to withdraw the guilty plea. Resp. Ex. 11 at 2. Cowell filed a pro se supplemental petition for appeal, arguing that: (1) the trial court erred by allowing the Commonwealth to breach the plea agreement, and (2) the trial court erred by accepting a fraudulent plea agreement that left the sentence to the court's discretion. Resp. Ex. 13. On November 17, 2017, the Court of Appeals denied the petition for appeal and granted the motion to withdraw, finding the case to be "wholly frivolous." Cowell v. Commonwealth, R. No. 0486-16-1 (Va. Ct. App. Nov. 17, 2017); Resp. Ex. 14. Cowell's subsequent motions for rehearing and rehearing en banc were denied, Resp. Ex. 16-17, and although he noticed an appeal to the Supreme Court of Virginia, Resp. Ex. 19, he never perfected the appeal.

While the delayed appeal proceedings were ongoing, Cowell filed a pro se petition for appeal in the Supreme Court of Virginia, challenging the trial court's dismissal of the remainder of the claims he raised in his state habeas petition. Resp. Ex. 20. On April 12, 2017, the Supreme Court determined that there was no error in the trial court's judgment and refused the petition for appeal. Cowell v. Wright, R. No. 161085 (Va. Apr. 12, 2017); Resp. Ex. 21.

On or about June 8, 2018, Cowell timely filed the instant petition for a writ of habeas corpus pursuant to § 2254. [2]  [Dkt. No. 9]  In it, he makes the following claims:[3]

_____

[2] The federal petition is timely because it was filed within one year of the disposition of Cowell's delayed appeal of his convictions. Jimenez v. Quarterman, 555 U.S. 113, 121 (2009).

[3] As did the respondent, the Court here adopts the numbering system Cowell uses in his petition, rather than the different one he employed in the accompanying memorandum.

1. The trial court abused its discretion when it (a) denied Cowell's motion to suppress, in violation of his Fourth and Fifth Amendment rights; (b) accepted his guilty plea that was not knowing, voluntary or intelligent, in violation of his Fifth Amendment rights; and (c) refused to allow him to withdraw the guilty plea, in violation of his Fourteenth Amendment rights.

2. (a) Appellate counsel was ineffective for failing to argue that Cowell's guilty plea was not knowing, voluntary or intelligent. (b) Trial counsel was ineffective for erroneously advising Cowell that he could still appeal the denial of his motion to suppress after he entered an unconditional guilty plea.

3. Trial counsel was ineffective for (a) deliberately choosing not to prepare for criminal proceedings; (b) failing to investigate, contact, interview and subpoena critical witnesses; and (c) failing to present an available defense.

4. The trial court abused its discretion and violated Cowell's Fourteenth Amendment rights by accepting a plea agreement that stated that the court would have discretion at sentencing, thereby rendering the agreement faulty, fraudulent and void.

On July 9, 2018, respondent filed a Motion to Dismiss with a supporting brief and exhibits, and provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. [Dkt. No. 13-15]  After receiving an extension of time, Cowell filed his opposition to the Motion to Dismiss on August 2, 2018. [Dkt. No. 22]  In addition, Cowell filed a Motion for Stay-and-Abeyance on July 30, 2018. [Dkt. No. 20] Accordingly, this matter is ripe for disposition.

## II. Exhaustion and Procedural Default

Before bringing a federal habeas petition, a person convicted of a state crime must first

exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). To comply with the exhaustion requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. Duncan v. Henry, 513 U.S. 364 (1995).

In addition, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Gray v. Netherland, 518 U.S. 152, 161 (1996). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. at 162. Therefore, such a claim is deemed to be simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Where a state court "clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides and independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal claim." Breard v. Pruett, 135 F.3d 615, 619 (4th Cir. 1998). Thus, "[a] habeas petitioner is barred from seeking federal review of a claim that was presented to a state court and 'clearly and expressly' denied on the independent, adequate state ground of procedural default." Bennett v. Angelone,

6

92 F.3d 1336, 1343 (4th Cir. 1996). A state procedural rule is "adequate if it is firmly established and regularly or consistently applied by the state courts, and "independent" if it does not depend upon a federal constitutional ruling. Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1998). Moreover, a claim is defaulted for federal purposes whenever a state court makes a finding of procedural default, regardless of whether it discusses the merits of the claim in the alternative. Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994) (holding that "where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits if the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim."). Pursuant to these principles, claims 1(a), 1(b), 1(c) 2(b), portions of claims 3(a) and 3(c), and claim 4 of this petition are procedurally barred from federal review.

In claim 1(a), Cowell argues that the trial court violated his Fourth and Fifth Amendment rights and abused its discretion when it denied his motion to suppress. This claim was not exhausted in the state forum, as Cowell failed to raise it on direct appeal or in his state habeas corpus petition. Resp. Ex. 7, 11, 13. Were he to return to the state courts to attempt to raise it now, the claim would be barred pursuant to Va. Code § 8.01-654(B)(2), which states that "[n]o writ shall be granted on the basis of any allegation of facts of which petitioner had knowledge at the time of filing any previous petition." Accordingly, claim 1(a) is simultaneously exhausted and defaulted from federal review. Bassette, 915 F.2d at 932.[4]

---

[4]Moreover, as respondent notes, the portion of claim 1(a) where Cowell alleges a violation of his Fourth Amendment rights would not be cognizable in this proceeding even if it had been properly exhausted. Federal consideration of such an argument is foreclosed by Stone v. Powell, 428 U.S. 465 (1976), where the Supreme Court held that if a state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, federal habeas corpus relief on the ground that evidence

In claim 1(b), Cowell alleges that his Fifth Amendment rights were violated when the trial court abused its discretion in accepting his guilty plea and guilty plea waiver even though they were not knowing, intelligent and voluntary. Although this argument was not asserted as a standalone claim in Cowell's state habeas petition, the trial court found it apparent that he wished to challenge the voluntariness of his guilty plea, and held: "[T]o the extent that Cowell attempts to challenge the voluntariness of his guilty plea ... Cowell lacks standing to raise this claim because he failed to raise it on appeal." Resp. Ex. 8 at 4, citing Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974). Slayton stands for the proposition that "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error," id. at 682, and its application constitutes an independent and adequate state law ground for purposes of procedural default. See Reid v. True, 349 F.3d 788, 805 (4th Cir. 2003); Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997) ("The procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision."). Accordingly, claim 1(b) is procedurally barred from federal review.

A federal court may not review a procedurally barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 262 (1989). Cowell argues that the default of claim 1(b) should be excused because appellate counsel failed to assign the involuntariness of his plea as error on appeal, Pet. Mem. at 9-12, but his position is unavailing. Cowell himself had the opportunity to raise that

obtained in an unconstitutional search or seizure was introduced at trial is precluded. "Stone ... marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner had an opportunity to litigate those claims in the state court." Grimsley v. Dodson, 696 F.2d 303 (4th Cir. 1982).

issue in the supplemental petition for appeal he filed in the Court of Appeals but he failed to do so. Resp. Ex.13. He also failed to exhaust Virginia's appellate process when he did not perfect his subsequent appeal to the Supreme Court of Virginia. Accordingly, claim 1(b) is procedurally defaulted from consideration on the merits.

Similarly, in claim 1(c), Cowell contends that the trial court violated his Fourteenth Amendment rights when it abused its discretion by failing to allow him to withdraw his guilty plea. As with claim 1(b), the trial court determined in Cowell's state habeas action that consideration of this claim was barred by Slayton v. Parrigan because Cowell "failed to use the appellate process to pursue [this] issue[] on appeal." Resp. Ex. 8 at 4. For the same reasons discussed in connection with claim 1(b), Cowell cannot make a showing of cause and prejudice to overcome the default of this claim, and it likewise must be dismissed.

In claim 2(b), Cowell argues that trial counsel was ineffective for erroneously advising Cowell that he could appeal the trial court's denial of the motion to suppress after he entered an unconditional guilty plea. This claim is unexhausted because Cowell failed to raise it in his state habeas petition. Resp. Ex.7. And because Cowell is now precluded from returning to the state forum to raise it in a second habeas petition, see Va. Code § 8.01-654(B)(2), supra, the claim is simultaneously defaulted, and hence must be dismissed. Bassette, 915 F.2d at 932.

In a portion of claim 3(a), Cowell contends that trial counsel was ineffective for failing to prepare for the hearing on his motion to withdraw his guilty plea. Pet. Mem. at 23-26. In a related claim, Cowell asserts in a portion of claim 3(c) that counsel was ineffective for failing to use an available defense at the hearing on the motion to withdraw the plea. Id. While Cowell made similar arguments in his state habeas petition, he did not specify the proceeding at which he

9

believed counsel had performed ineffectively. Resp. Ex. 7. Because Cowell thus failed to present the same factual claims he makes here to the Virginia courts, the claim is unexhausted. Duncan, 513 U.S. at 364. And because he would now be barred from making his current argument in a second state habeas application, see Va. Code § 8.01-654(B)(2), supra, those portions of claims 3(a) and 3(c) must be deemed simultaneously exhausted and defaulted. Bassette, 915 F.2d at 932.[5]

In claim 4, Cowell contends that the trial court violated his rights under the Fourth Amendment and abused its discretion when it accepted a plea agreement that stated that the court would have discretion at sentencing, a circumstance which Cowell argues rendered the plea agreement faulty, fraudulent, and void. This claim is unexhausted because after Cowell raised it in his unsuccessful supplemental petition for appeal to the Court of Appeals, he failed to appeal its denial to the Supreme Court of Virginia. Allowing Cowell an opportunity to return to the state forum to attempt to exhaust it now would be futile. See Va. Sup. Ct. R. 5:14(a) ("No appeal from a judgment of the Court of Appeals which is subject to appeal to [the Virginia Supreme]

---

[5]In Martinez v. Ryan, 566 U.S. 1 (2012), the Supreme Court created a "narrow exception" to the general rule announced in Coleman v. Thompson, 501 U.S. 722, 754-55 (1991) that "an attorney's ignorance or inadvertence in a post-conviction proceeding does not qualify as cause to excuse a procedural default." Fowler v. Joyner, 753 F.3d 446, 461 (4th Cir. 2014), quoting Trevino v. Thaler, 569 U.S. at __, 133 S. Ct. 1911, 1918 (2013). Now under Martinez, "inadequate assistance of counsel [or no counsel] at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id., 566 U.S. at 9. The Martinez exception does not apply to claims 3(a) and 3(c) because they are not entirely new claims; rather, they are Cowell's attempt to expand the factual bases of claims he raised in his state habeas petition. Martinez "does not directly provide the authority for a petitioner to expand the record in order to further develop facts that could have been presented in the state court proceeding." Fielder v. Stevenson, No. 2:12cv00412-JMC, 2013 WL 593657 (D.S.C. Feb. 13, 2013), appeal dismissed, 540 F. App'x 195 (4th Cir. Sept. 27, 2013), cert. denied, 135 S.Ct. 248 (2014).

Court shall be allowed unless, within 30 days after entry of final judgment or order denying a timely petition for rehearing, a notice of appeal is filed with the clerk of the Court of Appeals."); Va. Sup. Ct. R. 5:14(a)(2) (providing that a petition for appeal also must be filed within 30 days). Accordingly, claim 4 is simultaneously exhausted and defaulted. Bassette, 915 F.2d at 932.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [the law] incorrectly." Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002). Thus, "[t]he question under the AEDPA is not whether a federal court believes the state court's determination was incorrect, but whether that determination was unreasonable - a substantially higher threshold." Schriro v. Mandrigan, 550 U.S. 465, 673 (2007). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in

justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011). "If this standard is difficult to meet - and it is - 'that is because it was meant to be.'" Burt v. Titlow, 571 U.S. 12, 20 (2013) (quoting Richter, 562 U.S. at 102).

When a federal habeas petitioner challenges the reasonableness of the factual basis for a state conviction, the AEDPA "requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" Schriro, 550 U.S. at 473-74. Under the AEDPA standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

**Claim 2(a):** Cowell argues that appellate counsel rendered ineffective assistance for failing to argue on direct appeal that the guilty plea was not knowing, intelligent, and voluntary. Respondent acknowledges that this claim as framed is not exhausted because, since Cowell's delayed direct appeal took place after his state habeas corpus proceeding, the effectiveness of appellate counsel's efforts on the delayed appeal has not received state court scrutiny. Resp. Brief at 19, n. 12. Further, respondent believes that the claim likely would not be considered defaulted if Cowell were to return with it to Virginia courts. Id. Nonetheless, respondent urges this Court to adjudicate the claim on the merits pursuant to 28 U.S.C. § 2254(b)(2), which permits a federal court in its discretion to deny on the merits a habeas corpus claim despite the applicant's failure to exhaust available remedies in state court. See Swisher v. True, 325 F.3d

225, 232-33 (4th Cir.), cert. denied, 539 U.S. 971 (2003) (affirming district court's discretionary decision to elect to deny habeas corpus relief on the merits pursuant to § 2254(b)(2), although claim was "clearly unexhausted"). In the Court's view, it would be a waste of both federal and state judicial resources to do otherwise. That is so because in the context of claims of ineffective assistance of trial counsel, the Virginia courts have determined that Cowell's plea in fact was entered knowingly, intelligently, and voluntarily, and under such circumstances appellate counsel could not be found to have been ineffective for failing to challenge it. To return claim 2(a) to the state forum for adjudication thus would be pointless, and the Court accordingly will exercise the discretion afforded to it by § 2254(b)(2) to deny the claim on the merits.

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

This same two-part test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test 'is nothing more than a restatement of the standard of attorney competence already set forth in . . . McMann v. Richardson,' 397 U.S. 759,

771 (1970), that is, whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases.'" Id. at 58-59. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000). Importantly, in reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

The record in this case reveals that on October 31, 2013, Cowell appeared before the trial court along with his counsel. After Cowell entered pleas of guilty to each of the offenses of which he stands convicted, he was duly sworn, Resp. Ex. 3, Tr. 10/31/2013 at 3-5, and the following exchange occurred:

> THE COURT: You completed the 11th grade?
>
> COWELL: Yes.
>
> THE COURT: Are you able to read and write?

14

COWELL: Yes, ma'am.

THE COURT: Have you read over this document called Advice to Defendants Pleading Guilty before you signed it?

COWELL: Yes, ma'am.

THE COURT: Are you entirely satisfied with the service of your attorney?

COWELL: Yes, ma'am.

THE COURT: According to Line 17 of this form – Deputy, give it to counsel for their signature.

He advised you that you have a maximum prison time exposure of 90 years and a $500,000 fine on each.

Is that correct? Why is it at 90? He had two gun charges?

PROSECUTOR: It's 40 on each drug charge.

DEFENSE COUNSEL: I put on [sic] each for the $500,000. It is 90 total.

THE COURT: Yes. The 90 is total. It's 5 on the possession of a firearm felony conviction and 40 on each of the others, and where is the other five?

PROSECUTOR: Five years on the first indictment.

THE COURT: There are two possessions. I'm sorry. I thought we should have an odd number.

That is your understanding? It is a maximum of 90 years, $500,000 fine on each charge, so a total of $100,000 fine is the maximum penalty you can receive, do you understand that?

COWELL: Yes, ma'am.

THE COURT: Does the Commonwealths [sic] concur?

PROSECUTOR: It should be $1,000,000.

15

THE COURT: That would be a million. I was short a 0 or two. We are all clear now.

You are asking the Court to accept your plea of guilty in accordance with this plea agreement. It reads that: You are charged with possessing a firearm with the intent to distribute a Schedule 1 or Schedule 2 substance in violation of Virginia Code Section 18.2-308.4(C), you are charged with P.W.I.D. heroin in violation of Virginia Code Section 18.2-248; P.W.I.D. cocaine in violation of that same Code section; and a possess a firearm by a convicted violent felon in violation of Virginia Code Section 18.2-308.2.

You agree to plead guilty as charged.

The Commonwealth agrees that the following is the appropriate disposition of your case:

That this would be referred for a presentence report, that sentence will be at the discretion of the Court, except that defendant will not receive an active term of imprisonment of more than 20 years.

Is this your understanding of what the totality of the agreement is, you, your attorney and the Commonwealth's Attorney reached together, sir?

COWELL: Yes, ma'am.

THE COURT: Other than the promises made in this agreement, have there been any other promises made to you, any threats, coercion of any kind made on behalf of the Commonwealth?

COWELL: No, ma'am.

THE COURT: Is this the agreement you are asking the Court to accept?

COWELL: Yes, ma'am.

THE COURT: Mr. Singleton, do you certify that you went over the Advice form line by line with your client before he signed it?

DEFENSE COUNSEL: Yes, Your Honor.

16

THE COURT: Are you satisfied he understands this document in its entirety?

DEFENSE COUNSEL: Yes, Your Honor.

THE COURT: Mr. Cowell, are you telling the Court this form you signed, you understand the form in its entirety, correct?

COWELL: Yes, ma'am.

THE COURT: The form will be marked and made a part of the record.

I have a stipulation of facts here. It has your signature, your attorney's signature and the Commonwealth's attorney's signature. Have you read this?

COWELL: Yes, ma'am.

\* \* \*

THE COURT: ... The Court finds your plea of guilty to be freely and voluntarily given, and I find that you understand the nature of the charges against you and the consequences of your guilty plea.

I have read over the stipulation of facts. I find that the elements of the offenses have been met; therefore, I will accept the plea agreement and find you guilty of each of the four charges you are pleading guilty to, and I will continue this for a presentence report.

Resp. Ex. 3, Tr. 10/31/2013 at 6-10.

As outlined above, Cowell in his state habeas action asserted several claims of ineffective assistance by trial counsel in connection with the entry of his guilty plea. Although the court found Cowell's straight-up challenge to the voluntariness of the plea to be barred by the rule of Slayton v. Parrigan, Resp. Ex. 8 at ¶4, the efficacy of the plea was relevant to Cowell's claims of ineffective assistance and was discussed in that context. The court noted that to satisfy the prejudice prong of the Strickland test where a guilty plea was entered, "a petitioner must convince

the court that a decision to reject the plea bargain would have been rational under the circumstances." Id. at ¶10, citing Padilla v. Kentucky, 559 U.S. 356, 372 (2010). Thus, a petitioner's after-the-fact claim that he would have chosen to go to trial but for counsel's alleged error counts for little; instead, "what matters is whether proceeding to trial would have been objectively reasonable in light of all the facts." Id., quoting United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012). After noting that "any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings," Blackledge, 431 U.S. at 73-74, the habeas trial court (which also had presided over Cowell's plea proceeding) discussed Cowell's statements and affirmations at the plea colloquy and found that "Cowell has not presented this Court with a valid reason why it should now permit him to controvert his prior statements; thus, they are binding on him." Id. at ¶ 14. In addition, the court held that Cowell had failed to meet his burden to demonstrate that a rational defendant standing in his shoes at the time he entered his plea would have insisted on going to trial, because by entering the plea he reduced his sentence exposure from 90 years to 20 years. Id. at ¶ 14. Further, based upon the stipulation of facts Cowell signed before entering the plea, the court found that the evidence against him was "overwhelming," and that his claim that he would not have pleaded guilty had counsel investigated and subpoenaed two witnesses was unsupported by a proffer of evidence that either would have testified had the case gone to trial, which "significantly undermine[d]" Cowell's claims. Id. at ¶¶ 18-19. Moreover, the court found that Cowell had known about the allegedly exculpatory affidavit prepared by the two witnesses for "months," yet he still "decided to enter a voluntary guilty plea acknowledging that he understood he was giving up the right to defend himself." Id. at ¶ 20. The court noted the "overwhelming evidence against Cowell - which

included large amounts of drugs found on his person, in his car, and in his backpack, coupled with his admission that he distributed drugs," and concluded that "Cowell has not met his burden to prove that a rational defendant would have rejected a plea agreement capping his active sentence at 20 years and instead risked a 90-year sentence by insisting on proceeding to trial." Id. at ¶ 21. Accordingly, the court held that Cowell had failed to satisfy either prong of the Strickland analysis, and dismissed the claim of ineffective assistance by trial counsel. Id. That determination subsequently was affirmed by the Supreme Court of Virginia. Cowell v. Wright, R. No. 161085; Resp. Ex. 21. Although Cowell does not reassert this claim of ineffective representation by trial counsel here, it is noted for purposes of this discussion that the Supreme Court of Virginia's rejection of the claim was neither contrary to the clearly-established federal law upon which it expressly relied nor based on an unreasonable determination of the facts. See Williams, 529 U.S. at 412-13.

Turning to Cowell's claim that he received ineffective assistance of counsel when the validity of his guilty plea was not challenged on direct appeal, the Strickland analysis applies to claims of ineffective assistance on appeal as well as at trial. Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987). Because "appellate counsel is given wide latitude to develop a strategy," Lovitt v. Angelone, 208 F.3d 172, 189 (2000), appellate counsel is not required to assert every conceivable claim on appeal, and counsel's choice of which appellate issues to pursue is virtually unassailable. Jones v. Barnes, 463 U.S. 745, 751-52 (1983). At this juncture, it is readily apparent that had appellate counsel in this case argued that Cowell's guilty plea was not entered knowingly and voluntarily, the claim would have failed for the same reasons the state habeas court outlined when it rejected the claim that Cowell received ineffective assistance at the

time he entered the plea. Since a petitioner to prevail on a claim of ineffective appellate assistance must demonstrate that counsel ignored stronger appellate issues than those he or she chose to present, see Lawrence v. Branker, 517 F.3d 700 (4th Cir. 2008), Cowell's claim of ineffective assistance on appeal is without merit and will be dismissed.

**Claims 3(a) and 3(c):** In the exhausted portions of these claims, Cowell contends that he received ineffective assistance of counsel when his attorney failed to prepare for the hearing on Cowell's motion to withdraw his guilty plea, Pet. Mem. [Dkt. No. 2] at 23 -26, and when counsel failed to present an available defense at that hearing. Id. When Cowell made these arguments in his state habeas proceeding, the court found them to be without merit, as follows:

> [Attorney] Singleton credibly stated at a hearing on the motion to withdraw the guilty plea that Singleton had explained to Cowell that he did not think the motion was going to be successful. When the Court asked Singleton to explain the basis for the motion - which was not included in the written motion - Singleton told the Court that he wanted to call Cowell to testify so that Cowell could explain to the Court why he wanted to withdraw his plea. When Singleton explained some of the reasons Cowell had given him, the Court stated that they would be "insufficient reasons to allow him to withdraw." But the Court allowed Cowell to testify anyway. Ultimately, the Court denied the motion to withdraw Cowell's guilty plea, stating that there was no basis to grant the motion. The Court finds that Cowell has not proffered any good faith arguments in his petition that Singleton could have included in the written motion to withdraw Cowell's guilty plea, and counsel is not ineffective for failing to make frivolous arguments. ... Thus, the Court holds that Cowell has not demonstrated that counsel's performance was constitutionally deficient. At the hearing on his motion to withdraw his guilty plea, Singleton also allowed Cowell to "state the grounds" on which he thought his plea should be withdrawn. Therefore, the Court holds that Cowell has not shown that, but for counsel's alleged errors, the Court would have granted his motion to withdraw his guilty plea. Accordingly, the Court holds that [this] claim ... is dismissed because it fails to satisfy either prong of Strickland.

Resp. Ex. 8, ¶ 43, state citations omitted. This holding was affirmed by the Supreme Court of Virginia. Cowell v. Wright, R. No. 161085; Resp. Ex. 21.

For the reasons which were amply explained in the foregoing order, it is apparent that neither counsel's alleged lack of preparation for the hearing on the motion to withdraw the guilty plea nor his failure to present an unspecified "available defense" affected the outcome of that proceeding. Accordingly, the state courts' determination that counsel did not thereby render ineffective assistance was factually reasonable and in accord with applicable federal principles, Strickland, supra; Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) (attorney has no duty to make meritless arguments), and the same result is compelled here. Williams, 529 U.S. at 412-13.[6]

**Claim 3(b)**: Cowell alleges that trial counsel was ineffective for failing to investigate, contact, interview and subpoena witnesses who were crucial to the defense. When Cowell raised this claim in his state habeas proceeding, the court noted that Cowell specifically claimed that counsel should have contacted and subpoenaed "Geno Jones, a potential witness who signed an affidavit taking responsibility for the drugs and firearm found in Cowell's car, and Cheryll Trower, a notary who notarized Jones' affidavit." Resp. Ex. 8 at ¶12. The trial court rejected this argument in the state habeas corpus proceeding for a number of reasons, all of which comport with federal law.

------

[6]As respondent notes, in his state habeas petition Cowell raised additional claims of ineffective assistance based on allegations of lack of attorney preparation for the suppression hearing, trial, and sentencing, and of failure to use an available defense before coercing Cowell into pleading guilty. Resp. Ex. 7 at 5-7, 19-23, 26-29, and 44-45. Cowell does not repeat those allegations in the federal petition, where he instead limits the factual basis of his claim of ineffective assistance to counsel's actions with respect to the hearing on the motion to withdraw the guilty plea. Pet. Mem. [Dkt. No. 2] at 23 -26.

As is fully discussed above in connection with claim 2(a), the court found that Cowell had offered no valid reason why he should not be bound by the representations he made during the plea colloquy regarding his satisfaction with counsel's efforts and the voluntariness of the plea. In addition, Cowell failed to meet his burden to prove that a reasonable defendant in his place would have insisted on going to trial but for counsel's alleged shortcomings. Resp. Ex. 8 at ¶¶ 9-17. The court deemed the evidence against Cowell to be "overwhelming," id. ¶ 18, and it found that although Cowell had proffered the affidavit of an allegedly favorable witness he claimed counsel should have interviewed and subpoenaed, the affidavit did not state that the witness would be willing to testify at trial. Id. ¶ 19. Moreover, Cowell knew about the affidavit months before he chose to enter his guilty plea. Id. ¶ 20.

Cowell has failed to demonstrate that any of these conclusions were contrary to, or based on an unreasonable application of, clearly established federal law. Strickland, supra. That being so, the state courts' decision to reject claim 3(b) must be allowed to stand. See Williams, 529 U.S. at 412-13.

## V. Motion for Stay-and-Abeyance

At this juncture it is apparent that Cowell's Motion for Stay-and-Abeyance to allow him to return to the state forum to exhaust the claim that appellate counsel provided ineffective assistance by failing to challenge the voluntariness of Cowell's guilty plea must be denied. In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that a district court has discretion to stay a mixed § 2254 petition to allow the petitioner to present his unexhausted claims to the state court in the first instance. It cautioned, however, that "... the district court would abuse its discretion if it were to grant [petitioner] a stay when his unexhausted claims are plainly meritless."

Id. at 277. For the reasons discussed above, Cowell's unexhausted claim of ineffective assistance on appeal is plainly meritless, and the Motion for Stay-and-Abeyance accordingly must be denied.

## VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice. Petitioner's Motion for Stay-and-Abeyance will be denied. An appropriate Order and judgment shall issue.

Entered this ___1ˢᵗ___ day of ___March___ 2019.

Alexandria, Virginia

_____/s/_____
Liam O'Grady
United States District Judge